IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIDELITY AND GUARANTY LIFE INS. CO., :
        Plaintiff  :
               :
v.  :
               :
               :
Lonnie L. HAMM,  :
        Defendant,  :    CIVIL NO. L-06-2124
               :
RAPID SETTLEMENTS, Ltd.,  :
        Defendant,  :
               :
UNITED STATES FIDELITY  :
AND GUARANTY CO.,  :
        Defendant.

## **MEMORANDUM**

Now pending are the following: (i) Rapid Settlement, Ltd.'s ("Rapid") Motion to Dismiss Interpleader Complaint, (ii) Rapid's Motion to Dismiss USF&G's Cross-Claim, and (iii) RSL-3B-1L's ("RSL") Motion to Dismiss USF&G's Third-Party Complaint.  The motions have been fully briefed, and no hearing is necessary.  See Local Rule 105.6 (D. Md. 2004).  For the following reasons, the Court will, by separate Order, DENY the motions.

**I.    BACKGROUND**

This case arises from a lawsuit that was settled in 1990 between Lonnie Hamm ("Hamm"), BE&K, Inc. (Hamm's former employer), and BE&K's insurance company, USF&G.  On May 29, 1990, the parties executed a settlement agreement that resolved Hamm's claim for personal injuries.[1]  The agreement, which was approved by the Maine Workers' Compensation

---

[1] The parties provide no other details about the circumstances of Hamm's injuries.

Commission, provided Hamm with, <u>inter alia</u>, twenty annual payments of $11,500.  To fund the annual payments, on June 13, 1990, USF&G purchased a single premium annuity from Fidelity & Guaranty Life Insurance Co. ("F&G Life").  Hamm began receiving his annual payments.

On September 14, 2004, Hamm, preferring to receive a portion of his settlement in lump-sum form, agreed to assign to Rapid six annual payments worth $69,000.  In exchange, Rapid agreed to pay Hamm a discounted lump sum of approximately $42,000.  Because such an exchange requires Court approval in Louisiana, Hamm's state of residence, Rapid filed an <u>Ex Parte</u> Petition for Transfer of Structured Settlement Rights in a state district court located in Caddo Parish, Louisiana.

On November 8, 2004, the Louisiana court granted Rapid's petition ("The Transfer Order").  Among other things, the Order instructed F&G Life (termed by the Louisiana court "the Annuity Issuer") and USF&G ("the Structured Settlement Obligor") to "deliver and make payable" to RSL, Rapid's assignee, six annual payments of $11,500 each for the calendar years 2005-2010.  The Order also instructed F&G Life and USF&G to make RSL the designated beneficiary under the annuity.

On November 9, 2004, F&G Life was notified of the transfer.  USF&G alleges in its papers that it did not learn of Rapid's Petition for Transfer and the Transfer Order until July 19, 2005.

On May 12, 2006, USF&G warned F&G Life that if it made payments to Rapid it would violate its obligations to USF&G, the owner of the annuity.[2]  USF&G stated that the transferred

---

[2] The parties do not address whether Rapid has ever received any of the payments.

payments were workers' compensation payments, which may not be assigned under Maine's Workers' Compensation Act.  It also argued that the Transfer Order did not comply with the Louisiana law that governed the transfer (La. R.S. § 9:2715 ("the Act")).

On August 15, 2006, F&G Life filed a complaint for interpleader and a motion for interpleader.  On September 6, 2006, the Court, considering the complaint and the motion, ordered Hamm, Rapid, and USF&G to interplead and settle among themselves their rights and claims to the disputed annuity payments.[3]  The Court then realigned the parties, designating Rapid the plaintiff for pleading purposes.[4]

On October 18, 2006, Rapid moved to dismiss F&G's complaint for interpleader.  On October 20, 2006, USF&G answered the complaint, cross-claimed against Hamm and Rapid, and served a third-party complaint against RSL.  Hamm was neither served with the complaint nor the cross-claim.[5]

USF&G's cross-claim and third-party complaint seek declaratory judgments that state the following:

- That USF&G is not bound by the Transfer Order.

---

[3] The Order directed F&G Life to tender the disputed payments to the Court Clerk as they became payable, discharged F&G Life from all future liability, and dismissed it from the case.

[4] The Court discusses the realignment, which the parties have not yet observed, in section III, infra.

[5] On August 15, 2006, the Court granted F&G Life's motion for private process server.  On October 10, 2006, the Court, noting that Hamm had still not been served, asked for a status report.  On October 20th, F&G Life advised that its private process server had attempted service at least five different times, but that Hamm's purported residence was empty on each occasion.

- That the Transfer Order contravenes the Maine Workers' Compensation Act and therefore does not bind USF&G.

- That the Transfer Order is void <u>ab</u> <u>initio</u> because it contravenes the Maine Workers' Compensation Act.

- That USF&G's rights and F&G Life's obligations are unaffected by the Transfer Order.

On November 20, 2006, Rapid moved to dismiss USF&G's cross-claim. On December 1, 2006, RSL moved to dismiss USF&G's third-party complaint. Rapid and RSL's motions are filed under Fed. R. Civ. P. 12(b)(6).

## II.   LEGAL STANDARD

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Labram v. Havel</u>, 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421-22 (1969). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor.

## III.   ANALYSIS

### A. **<u>Rapid's Motion to Dismiss F&G's Complaint for Interpleader</u>:**

Rapid contends, in conclusory terms, that the F&G Life's complaint for interpleader does not state a justiciable case or controversy because Hamm, the undisputed payee of the annuity at

4

the time of transfer, assigned the payments rights to RSL.

The Court denies the motion.  Interpleader is appropriate when, as here, a stakeholder possesses property valued at $500.00 or more that is the subject to competing claims.  28 U.S.C. § 1335.  F&G Life is the stakeholder.  Rapid contends that the Transfer Order entitles its assignee, RSL, the annuity payments.  USF&G, the annuity owner, contends that it should not be bound by the Transfer Order, and that Hamm, as opposed to RSL, should continue to be paid.[6] The rival claims of USF&G and Rapid, and F&G Life's uncertainty as to who is the proper payee, give rise to a classic interpleader action.  See, e.g., Aurura Nat. Life Assur. Co. v. Johnson, 2007 WL 1450382, *1 (N.D. Cal.) (slip op.).  Accordingly, Rapid's motion to dismiss the interpleader complaint is denied.[7]

### B. **Rapid's Motion to Dismiss USF&G's Cross-Claim:**

Rapid makes three arguments for why USF&G's cross-claim must be dismissed under Rule 12(b)(6).  First, rehashing its argument from its Motion to Dismiss Interpleader Complaint, Rapid contends that the cross-claim fails to state a justiciable controversy.  It then contends that the third-party complaint mounts an impermissible collateral attack on the Louisiana order.  It

---

[6] USF&G argues that Maine law prohibits the assignment of workers' compensation settlements, that Louisiana law prohibits workers' compensation payments from being transferred in contravention of applicable law, and that it, as annuity owner, has the right to determine to whom the annuity should be paid.

[7] In its reply brief, Rapid raises additional arguments for why F&G Life's interpleader complaint should be dismissed, including that the Court should dismiss it under the doctrine articulated in Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Because these arguments are raised for the first time in the reply, the Court will not consider them.  See United States v. Williams, 445 F.3d 724, 736, n.6 (4th Cir. 2006); United States v. Smith, 44 F.3d 1259, 1266 (4th Cir. 1995).

also contends that the Court should abstain from deciding the case under the doctrine announced in Burford v. Sun Oil Co., 319 U.S. 315 (1943).  The Court will address the contentions seriatim.

### 1. **Case or Controversy:**

Rapid's argument that the cross-claim fails to allege an actual controversy because Hamm has already assigned the payments to RSL misses the mark.  USF&G filed its third-party complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Act gives this Court the authority in any "case of actual controversy within its jurisdiction," to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  Id.

USF&G has sufficiently alleged an actual controversy under § 2201.  It maintains that the 1990 settlement agreement obligates it to pay Hamm the workers' compensation payments.  It further alleges that the Transfer Order violates Maine law because it requires RSL to be paid.  Consequently, USF&G allegedly faces a dilemma: it may either comply with the Transfer Order and violate Maine law, or it may comply with Maine law and disobey the Transfer Order.[8]  This dilemma provides an actual controversy for the Court to decide.  The declarations that USF&G seeks would resolve the dilemma by establishing whether Hamm or RSL is entitled to benefits.  Accordingly, the Court will deny Rapid's motion to dismiss USF&G's cross-claim.  See 28 U.S.C. §2201(a); see also Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937) (finding that 28 U.S.C. § 2201 gives district courts the discretion to grant relief "(1) when the jurisdiction will serve a useful purpose in clarifying and settling the legal relations in issue,

---

[8]  USF&G also complains that the Transfer Order interferes with its ownership rights in the annuity in that the Order instructs it to make RSL the beneficiary of the annuity.

and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding") (internal quotation marks and citation omitted).

### 2. **Cross-Claim for Declaratory Relief as Collateral Attack on Transfer Order:**

Rapid contends, without elaboration, that USF&G's claim constitutes a "collateral attack" on the Transfer Order. It states that "the full faith and credit clause...demand this Court [to] respect the Louisiana Order and allow Louisiana courts to deal with whatever alleged controversy may exist." It does not flesh out this position, however, and never explains how the Constitution's Full Faith and Credit Clause might be offended. Rapid seems to be arguing that the Court lacks the authority to decide USF&G's cross-claim, which asks the Court to declare, through a series of declaratory judgments, that the Transfer Order does not bind USF&G.

The Full Faith and Credit Act, which implements the Full Faith and Credit Clause, governs the preclusive effect of a state-court judgment in a subsequent federal action. See 28 U.S.C. § 1738.[9] As the Supreme Court has stated, "A final judgment in one state...qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering state gains nationwide force." Baker v. Gen. Motors Corp., 522 U.S. 222, 233 (1998).

To determine whether to accord a state court's final judgment preclusive effect, a federal court applies the rendering state's preclusion law. Lance v. Dennis, 546 U.S. 459, 126 S.Ct. 1198, 1202 (2006). Here, Louisiana preclusion law applies.

---

[9] The statute provides that final judgments of state courts "have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738.

The Louisiana res judicata statute, La. R.S. 13:4231, embraces both claim preclusion (res judicata) and issue preclusion (collateral estoppel).[10] Under the statute, a final judgment on the merits precludes the parties from re-litigating in a subsequent suit matters that were or could have been raised in the first case. Williams v. City of Marksville, 839 So2d. 1129, 1132 (La. App. 3 Cir. 2003); Hudson v. Bossier, 766 So.2d 738, 743 (La. App. 2 Cir. 2000). The statute, however, only applies if there is "mutuality," i.e., "if the parties to the first and second actions are the same or there is identity of parties."[11] Williams, 839 So.2d at 1132.

In this case, mutuality is lacking. USF&G was neither a party to the transfer action nor identified with any party who did participate.

Rapid emphasizes that the transfer took place according to Louisiana law, which permits ex parte transfer proceedings. While the Act clearly permits ex parte transfers, it also requires the transferee (in this case, Rapid), to provide the structured settlement obligor (USF&G) with

---

[10] Under Louisiana law, for res judicata to apply the following five criteria must be met: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. See Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003). For issue preclusion to apply, once a court decides an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the same issue in a different cause of action between the parties. See Williams v. City of Marksville, 839 So.2d 1129, 1132 (La. App. 3 Cir. 2003).

[11] Louisiana courts explain that "identity of parties" exists "whenever the same parties, their successors, or others appear so long as they share the same 'quality' as parties." Leray v. Nissan Motor Corp. in U.S.A., 950 So.2d 707, 710 (La. App. 1 Cir. 2006) (Five N Company, L.L.C. v. Stewart, 850 So.2d 51, 61 (La. App. 1st Cir. 2003).

notice of the proposed transfer.  See La. R.S. 9:2715(B)(2)(i).[12]  USF&G has alleged that it did not receive notice of the proposed transfer until July 19, 2005, well after the Louisiana court had ordered the transfer.[13]

Louisiana law makes clear that "[g]iving conclusive effect to a prior judgment against one who is neither a party nor in privity with the party...contravenes due process." Hudson, 766 So.2d at 743 (citing Richards v. Jefferson County, 517 U.S. 793 (1996)); see also Kremer v. Chemical Const. Corp., 456 U.S. 461, 482 (1982) ("A State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment"); Liberty Life Assurance Co. of Boston v. Stone Street Capital, Inc., 93 F. Supp. 630, 639 (D. Md. 2000) (granting declaratory judgment for annuity owner and annuity issuer because "one is not bound by a judgment...in a litigation in which he is not designated as a party or to which he has not been made a party by service of process").  Accordingly, because USF&G was not a party to the transfer proceeding, and because it alleges that it was not given notice of the proceeding, the Court will deny Rapid's motion to dismiss the cross-claim under Rule 12(b)(6).

**3. Burford Abstention:**

Rapid also contends that the Court should dismiss the cross-claim under the doctrine of

---

[12]    Under the Act, La. R.S. § 9:2715(B)(2)(i) requires that a transferee include with its petition a disclosure statement specifying, inter alia, that "the transferee has given written notice of the transferee's name, address, and taxpayer identification number to the annuity issuer and the structured settlement obligor."  The petition, with the statement regarding proper disclosures, must be filed at least twenty days before the Court may issue a transfer order.  Id. § 2715(B)(1).

[13]    USF&G alleges that Rapid misaddressed the notice.

Burford abstention. That doctrine counsels federal courts to dismiss cases (1) "that present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar," or (2) cases whose adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy' in important areas of public concern." Johnson v. Collins Entm't Co., Inc., 199 F.3d 710, 719 (4th Cir. 1999) (quoting New Orleans Public Service, Inc., v. New Orleans, 491 U.S. 350, 361 (1989) ("NOPSI").

Rapid does not contend that the case presents either of these issues. Rather, it contends that by adjudicating USF&G's cross-claim, the Court could potentially interfere with what it terms Louisiana's "complex state regulatory scheme" addressing transfers of structured settlement payments. Even if such potential for conflict exists, which the Court finds unlikely, such potential does provide the basis for Burford abstention. Neufeld v. City of Baltimore, 964 F.2d 347, 350 (4th Cir. 1992) (quoting NOPSI, 491 U.S. at 362) ("the mere presence of complex state administrative processes does not necessarily require abstention, even where there exists a potential for conflict between federal and state law").

Rapid could be arguing that by deciding USF&G's cross-claim the Court will risk disrupting Louisiana's "efforts to establish a coherent policy" with respect to the transfer of structured settlement payment rights. See Johnson, 199 F.3d at 719. The Court finds that risk minimal. USF&G has alleged, inter alia, that the Transfer Order contravenes Louisiana's policies of refusing to authorize "transfers in contravention of applicable law," or "transfers of workers' compensation benefits in contravention of applicable law." La. R.S. §§ 9:2715(G) & (I). It also alleges that Rapid procured the Transfer Order without providing it notice, as §

2715(B)(2)(i) of the Act requires. If the Court were to agree with USF&G on these points, therefore, the Court's declarations would bolster, as opposed to undermine, the above-cited provisions of the Act. See <u>Symetra Life Ins. Co. v. Rapid Settlements, Ltd.</u>, 2007 WL 114497, *33 (S.D. Tex.) (slip op.) (declining to abstain under <u>Burford</u> when plaintiffs sought to enjoin transfers of structured settlement payments that contravened Texas law). Accordingly, the Court will deny Rapid's motion to dismiss USF&G's cross-claim.[14]

        **C. <u>RSL's Motion to Dismiss USF&G's Third-Party Complaint</u>**:

RSL, represented by the same counsel as Rapid, has moved to dismiss USF&G's third-party complaint under Rule 12(b)(6). Its motion is identical to Rapid's motion to dismiss USF&G's cross-claim, discussed above. Accordingly, the Court will deny RSL's motion.

**IV.    REALIGNMENT OF PARTIES**

As noted above, on September 6, 2006, the Court realigned the parties, designating Rapid the plaintiff for pleading purposes. As a housekeeping matter, all pleadings shall now be styled "<u>Rapid Settlements, Ltd. v. United States Fidelity & Guaranty, Co</u>." On a procedural note, USF&G's cross-claim against Rapid (now the plaintiff) should be construed as a counterclaim. Now that the Court has ruled on Rapid and RSL's motions to dismiss, Rapid must now answer USF&G's counteraclaim and RSL must now answer USF&G's third party complaint.

---

[14] Again, Rapid raises new contentions in its reply brief, such as that the Court should abstain from deciding USF&G's cross-claim under the doctrine announced in <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942). Those contentions will not be considered. See <u>Williams</u>, 445 F.3d at 736, n.6; <u>Smith</u>, 44 F.3d at 1266.

**V.     CONCLUSION**

For the reasons stated, and by separate order, the Court will DENY Rapid and RSL's motions to dismiss.

In a separate order, the Court will schedule a status/discovery conference.


Dated this 13th day of September 2007.

_____/s/_____
Benson Everett Legg
Chief Judge